NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3344
_____

JULIE BEBERMAN,
Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF STATE
_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 1-17-cv-00061
District Judge: The Honorable Anne E. Thompson
_____

Submitted Pursuant to L.A.R. 34.1(a)
December 9, 2019

Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Opinion Filed:  January 8, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

*Pro se* appellant Julie Beberman is a Foreign Service Officer to whom the U.S. Department of State denied tenure. At the end of her limited career appointment, she would lose her job. To forestall her impending separation from the Service during the pendency of certain grievances she had filed, Beberman sought interim relief from the Foreign Service Grievance Board.[1] While the Board evaluated Beberman's request, it granted her temporary interim relief. Until the Board's further decision, the Department instructed Beberman to return from her overseas post to work in Washington, D.C.

Beberman administratively challenged the Department's instruction, culminating in an appeal to the Board. The Department sought a preliminary determination from the Board under 22 C.F.R. § 904.2, which the Board construed as a motion to dismiss, and then granted.[2] When Beberman timely sought judicial

---

[1] The Board is "an independent adjudicatory body whose function is to adjudicate grievances filed by members of the foreign service." *United States v. Paddack*, 825 F.2d 504, 508 n.5 (D.C. Cir. 1987).

[2] The Board had jurisdiction over a statutorily defined grievance. 22 U.S.C. § 4131(a)(1). Although the definition of a grievance generally excludes "an individual assignment of a member under subchapter V," there is an exception for assignments that are "alleged to be contrary to law or regulation." *Id.* § 4131(b)(1). And Beberman made such an allegation here, as the Board recognized. *See* App. 29 (Board decision noting that Beberman "alleged that she was directed to depart Malabo contrary to a regulation").

2

review of the Board's decision, the District Court of the Virgin Islands examined the Board's decision under the standards provided by the Administrative Procedure Act (APA), s*ee* 22 U.S.C. § 4140(a) (incorporating 5 U.S.C. § 706), and granted the Department summary judgment.

In her timely appeal,[3] Beberman raises four issues that supposedly demonstrate that the Board failed to act in accordance with law, abused its discretion, or fell short of her statutory right. First, she argues that temporary interim relief constrained the Secretary's authority to curtail her overseas assignment and reassign her to Washington, D.C. Second, Beberman claims that certain Department regulations regarding curtailment and reassignment applied to her during temporary interim relief. Third, the Department's revision of its internal Standard Operating Procedure about reassignment pending separation allegedly constituted retaliation

---

[3] The District Court of the Virgin Islands had jurisdiction to review the Board's final action pursuant to 22 U.S.C. § 4140(a), 28 U.S.C. § 1331, and 48 U.S.C. § 1612(a). We exercise jurisdiction over the District Court's final decision pursuant to 28 U.S.C. § 1291.

Our review of the District Court's decision is *de novo*. *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 146 (3d Cir. 2012). Like the District Court, we evaluate the Board's decision using the APA standard incorporated into § 4140(a). *See id.*; *Paddack*, 825 F.2d at 513-14. Under the APA, we consider whether the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D).

for grievances she filed. Finally, in Beberman's view, the Board erred by dismissing her appeal.

Upon reviewing the record,[4] we conclude that Beberman has failed to show that the Board's decision contravened APA standards.[5] For substantially the reasons set forth in the District Court's opinion, we will affirm.

---

[4] Beberman seeks to supplement the appendix on appeal with new materials. Some material relates to the putative curtailment of another Foreign Service Officer, which occurred well after the decisions of the Board and the District Court. Other material concerns the general role *vel non* of lower-level Department officials in curtailment procedures. Inasmuch as these materials were created subsequent to the appeal, Beberman cannot show that the additional materials were "omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). As for still other material associated with Beberman's own putative curtailment, she allegedly received this material shortly before the District Court's decision, but apparently she did not provide it to the District Court.

As to all of the proposed supplemental material, we are not persuaded that any "exceptional circumstances" justify an equitable exception to our general rule prohibiting appellate consideration of materials that were not presented to the District Court. *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 225-26 (3d Cir. 2009); *see also In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96-97 (3d Cir. 1990). Nor do we feel that it is necessary to remand this case to the District Court to allow it to evaluate this material. Accordingly, we will deny Beberman's pending motions to file a supplemental appendix and an amended supplemental appendix.

[5] Although we will affirm substantially based on the reasoning of the District Court, we feel compelled to make several observations. First, when the Board ruled on the Department's request for a preliminary determination about jurisdiction, the Board was also permitted to address the Secretary's assignment authority. *See* 22 C.F.R. § 904.2(a), (b) (allowing Board in this posture to resolve a jurisdictional issue as well as "any other issue [raised by a party] whose resolution might avoid the necessity of further proceedings").

Second, in our view, the Board was allowed in this posture to evaluate the Secretary's assignment authority without first compiling a record of proceedings.

*See id.* § 904.2(a) (permitting preliminary determination about jurisdiction "unless the Board concludes that resolution of the question of jurisdiction should be deferred until[,] [for example,] the Board has compiled a record of proceedings"); *id.* § 904.2(b) (adding other situations in which the "Board may also make a preliminary determination").

And third, even if the "HR/EX" office that requested the Separation Order was acting on the authority of the Director General, we are not persuaded that temporary interim relief from separation entitled Beberman to anything more than what she received.